## Case No. 6,853.

### HUIDEKOPER v. STILES.

### [1 Wash. C. C. 135.] 1

Circuit Court, D. Pennsylvania. April Term, 1804.

EJECTMENT—SERVICE OF DECLARATION—POWER OF JUSTICE OF THE PEACE.

1. Justices of the peace of the state of Pennsylvania may receive proof of the service of

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]

process of ejectment, issuing out of the circuit court of the United States.

2. What will be deemed a sufficient service of a declaration in ejectment.

Motion for judgment against the casual ejector, on notice to the tenant in possession, served and proved by the affidavit of the deputy marshal, before D. Meade; who, by a certificate of the prothonotary, is stated to have qualified as a justice of the peace, of the common pleas of Crawford county. Levy objected, that a state magistrate has no power to take proofs of service of process. His having a power to administer the oath of office to the deputy marshal, in a particular case,—4 Laws [by Folwell] 274 [1 Stat. 624],—shows that he has no such authority in other cases. He also objected to the affidavit, that it did not state positively, that the tenant found in possession was tenant in possession; it is left to implication: it is said to have been served on A. B., tenant in possession. 2 Bac. Abr. 162. The affidavit should be positive, that J. D. was tenant in possession, or acknowledged himself to be so. Affidavits of service on A. B., tenant, or C., his wife, or the wives of A. & B., who, or one of them, are tenants, are not sufficient. Id. In one of the cases on which this motion is made, the declaration was delivered to the father of the tenant in possession, on the land, and in the house of the tenant in possession. In another, it is served by nailing the declaration on the door of W. M., on the premises. But the defendant does not state that the house was empty. If the defendant did not live there, but the marshal knew where he lived, it ought to have been served personally on him.

THE COURT granted a rule to show cause, at the adjourned court, why judgment should not be entered up.

[NOTE. Cases Nos. 6,851 and 6,852 were similar suits, involving the titles to different parts of the same original survey, but the decisions in these cases turned upon points not involved in the case at bar.]